### KIMBERLY v. UNITED STATES.
### No. 49940.

United States Court of Claims.

Decided June 5, 1951.

Burr Tracy Ansell, Washington, D. C., for plaintiff.

Ansell & Ansell, and Mechlin, Marshall & Smith, Washington, D. C., on the brief.

John J. McGinty, with whom was Acting Asst. Atty. Gen. Newell A. Clapp, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

On October 31, 1945, the plaintiff was retired with the rank and pay of a colonel with over 30 years' service. He was retired for physical disability found to be an incident of the service under the provisions of the Revised Statutes, Section 1251, 10 U.S.C.A. § 933.

He claims that from October 1, 1949, he should have received the retired pay of a brigadier general. This suit is for the difference in the retired pay that he is receiving and the retired pay of such higher rank.

The claim is based on that portion of the act of October 12, 1949, 63 Stat. 816, 823, 37 U.S.C.A. § 271 et seq. which reads as follows: "* * * *Provided further,* That the disability retirement pay of any such member who shall have held a temporary rank, grade, or rating higher than the rank, grade, or rating held by him at the time of placement of his name upon the temporary disability retired list or at the time of his retirement, whichever is earlier, and who shall have served satisfactorily in

such higher rank, grade, or rating as determined by the Secretary concerned, shall be computed on the basis of the monthly basic pay of such higher rank, grade, or rating to which he would have been entitled had he been serving on active duty in such higher rank, grade, or rating at the time of placement of his name on the temporary disability retired list or at the time of retirement, whichever is earlier". § 272(d).

Beginning about July 1, 1938, the plaintiff, while holding the permanent rank of colonel, was assigned to the American Military Mission to Brazil. He was assigned as the Chief of the American Military Mission with the rank and grade of brigadier general in the United States Army under the authority of the act of May 19, 1926, 44 Stat. 565, as amended,[1] and under the Executive Agreement dated November 12, 1936, 50 Stat. 1457, and renewed November 12, 1938, 53 Stat. 2021, between the Presidents of the United States of America and Brazil.

Because of this assignment plaintiff claims that under the quoted provision of the act of October 12, 1949, he is entitled to the retired pay of the higher rank.

The defendant demurs to the petition on the ground that the nature of the special assignment to duty with the American Military Mission to Brazil was not such an advance in rank as to entitle plaintiff to an increase in pay under the provisions for retirement of officers of the United States Army.

Under the terms of the Executive Agreement the members of the Mission were responsible solely to the Brazilian Ministry of War, and were to act as tactical and technical advisers to the Chief of the General Staff and Chief of Coast Defense for the purposes of organization and instruction on matters pertaining to coast defense, fortifications, and chemical warfare. It was further provided that in case of war between Brazil and any other nation the Mission should terminate and that in the case of civil war no member of the Mission should take any part in the operations in any respect. Article 11 of the Executive Agreement, Series No. 98, is as follows: "Art. 11. The members of the Mission shall each receive one extra grade or rank above the rank they hold in the Army of the United States of America, while serving on the Mission. Their precedence with respect to Brazilian Officers and Officers of other foreign Missions shall be in accordance with their extra grade or rank and seniority therein. The members of the Mission will receive no extra compensation for the above mentioned extra grade or rank and will wear only uniforms of the Army of the United States of America."

It is admitted on behalf of the plaintiff "that he was not nominated by the President and confirmed by the Senate as a brigadier general."

The original Executive Agreement issued under the authority of the act of May 19, 1926, supra, over the signature of the Secretary of State on May 10, 1934, 49 Stat. 3543, 3545, provided among other things, that "The members of the Mission shall retain the rank which they held in the Army of the United States."

It is clear from an examination of the orders and the various provisions of the Executive Agreements, which are a matter of record, that it was intended merely as a brevet rank, and was intended solely to enable the members of the Mission to deal on a basis of equality with the military representatives of some of the other countries. It is generally recognized that neither Hitler nor Mussolini was modest in bestowing rank on their emissaries, nor were the officials of some of the other countries entirely free from this practice. Such practice gave the representatives of these governments a considerable advantage over the representatives of the more conservative democracies in international relations where protocol and prestige are important as tools of the trade.

It is manifest from the various official documents that our retirement provisions were intended by the Congress to be made on the basis of the actual rank held by officers at the time of the retirement and

1. 10 U.S.C.A. § 540.

that the provisions of the act of October 12, 1949, were intended merely to give the retiring officer the advantages of a higher rank where the promotions were real and covered the actual service in the United States Army as such.

We do not think that the nature of this assignment which specifically stipulated that members of the Mission should receive no extra compensation for this extra grade or rank can on any reasonable basis bring the plaintiff within the provisions of the act of October 12, 1949.

The demurrer is sustained and the petition dismissed.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.