LittletoN, Judge,
delivered the opinion of the court:
The plaintiff served on active duty in the United States Coast Guard for 43 years and 3 months, from May 19, 1904, until September 1, 1947. He held the permanent rank of Captain in the United States Coast Guard. He was appointed Rear Admiral, lower half, for temporary service on April 16, 1946, to rank as such from February 25, 1946, and actually held that rank in active service when he was retired on September 1, 1947, with the rank of Vice Admiral, pursuant to Sec. 3 of the Act of January 12, 1923 (42 Stat. 1130), which provided, so far as here material, as follows:
* * * hereafter when a commissioned officer of the Coast Guard who has had forty years’ service shall retire, he shall be placed on the retired list with the rank and retired pay of one grade above that actually held by him at the time of retirement; * * *
The Comptroller General ruled that by reason of the fact that plaintiff’s appointment as a Rear Admiral was a temporary appointment rather than a permanent one, the provisions of Sec. 3 of the Act of January 12,1923, did not apply, and that plaintiff was not entitled to the retired pay of one grade above that actually held by him at the time of his retirement.
The applicability of Sec. 3 of the Act of January 12,1923, to cases somewhat similar to the present one, was before the court in William E. Reynolds v. United States, 95 C. Cls. 160, and L. C. Covell v. United States, 111 C. Cls. 793. In those cases we held that officers of the Coast Guard holding the permanent rank of Captain were entitled to the,benefits of Sec. 3, supra, upon retirement, after 40 years of active service, while serving as Commandant and Assistant Commandant, *695 respectively, of the Coast Guard. The facts in this case bring the plaintiff’s claim squarely within the express terms of Sec. 3 of the Act of January 12,1923, supra, and unless there is some statutory provision subsequently enacted which modifies the provisions of that section, the plaintiff is entitled to recover.
Beginning with the Act of July 24, 1941 (55 Stat. 603), Congress enacted a series of statutes[1] which were made applicable to the Coast Guard, relating to commissioned officers on the active list in the Navy and Marine Corps. These acts provided for temporary appointments.
Sections 3 and 6 of the Act of July 24, 1941, supra, provided as follows:
Sec. 3. Officers on the active list of the Regular Navy or Marine Corps in commissioned ranks, including those appointed under the authority of section 2 of this Act, may be temporarily appointed to higher ranks or grades in the Regular Navy or Marine Corps, and the provisions of paragraph 9 of section 1 of the Act aproved June 10, 1922 (42 Stat. 626; U. S. C. title 37, sec. 2), shall be applicable to all officers eligible for consideration _ for appointment or advancement pursuant to the provisions of this Act, not only during the existence of a state of war formally recognized by Congress, but also during a national emergency determined by the President. *******
Sec. 6. Temporary appointments under the authority of this Act shall, if they are to the rank or grade of rear admiral in the Navy or general officer in the Marine Corps, be made by and with the advice and consent of the Senate; if to lower ranks or grades, they may be made by the President alone.
SectioN 8 (a) of the Act of February 21, 1946, amending Sec. 10 of the Act approved July 24,1941, supra, and in effect at the time of plaintiff’s retirement, provided, in subsection (e), as follows:
(e) The highest rank in which an officer served on or prior to June 30, 1946, or if a prisoner of war at any time during World War II the highest rank to which an officer was temporarily appointed pursuant to the provisions of this Act, is the highest rank in which the *696 officer may be retired and upon which his retired pay may be based pursuant to this section, unless vnder provisions of law other than those contained within this section he is entitled to a higher rank on the retired list or to a higher retired pay', or unless at the time of retirement he is serving in a higher permanent grade or rank. [Italics supplied!]
The statutes referred to expressly authorized temporary appointment and recognized the ranks held under such temporary appointments for purposes of retirement and retired pay, and we think it is clear from such provisions that the fact that plaintiff’s appointment as a Rear Admiral in the Coast Guard was a temporary appointment, did not deprive him of the benefits expressly granted by Sec. 3 of the Act of January 12,1923, supra,. The statute's enacted in 1942 and 1946 each recognized, as shown in Sec. 10 (e), of the Act of February 21,1946, supra, that, in certain cases, commissioned officers in the active service were, under other provisions of law, entitled to be retired in a higher rank on the retired list and to a higher pay than the retired pay of the rank in which they were serving on the active list; and Sec. 3 of the Act of January 12, 1923, supra, giving the plaintiff the rank and retired pay of one grade above that actually held by him at the time of retirement, was such a provision.
Under the provisions of these statutes, we are of the opinion that plaintiff was, and is, entitled under Sec. 3 of the Act of January 12,1923, supra, to the retired pay of a Rear Admiral, upper half, on the retired list, which was “one grade above that actually held by him at the time of retirement.”
Plaintiff is entitled to recover the difference in the retired pay of a Rear Admiral, lower half, which he has received, and the retired pay of a Rear Admiral, upper half, for the period from September 1,1947, the date of his retirement to the date of judgment herein.
Judgment for the exact amount due will be entered upon the filing by the General Accounting Office of a statement showing such amount. It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.
*697 In accordance with the above opinion and on a report of the General Accounting Office, on July 15, 1952, judgment for the plaintiff was entered for $3,437.50 in an order as follows:
In this case the court in findings of fact and opinion entered July 9, 1951, held that the plaintiff, who was appointed a Eear Admiral, lower half, for temporary service on April 16, 1946, and actually held that rank in active service when he retired September 1,1947, with the rank of Vice Admiral pursuant to Section 3 of the Act of January 12, 1923, was entitled under that Act and Section 8 (a) of the Act of February 21,1946, to the retired pay of a Eear Admiral, upper half, from the date of his retirement. Entry of judgment was sus-Kded to await the filing by the General Accounting ce of a computation showing the amount due. Such computation has been filed, and the court’s attention has been called to the provisions of Section 511 of the Career Compensation Act of 1949 (63 Stat. 802, 829).
Upon consideration of the report and computation submitted by the General Accounting Office and the briefs filed by plaintiff and defendant, the court is of the opinion that under the terms of the Pay Eeadjustment Act of 1942, as amended (60 Stat. 343), and Section 511 (b) of the Career Compensation Act of 1949, supra, the plaintiff is entitled to recover additional retirement pay, in accordance with computation No. 2, filed by the Comptroller General, in the sum of $3,437.50 from September 1, 1947 to July 9, 1951, the last mentioned date being the date of entry of the court’s findings of facts, conclusion of law, and opinion.
_ The plaintiff’s claim is a continuing one and his retired pay subsequent to July 9,1951, should be computed in accordance with said computation No. 2 of the Comptroller General for a Eear Admiral, lower half, under Section 511 (b) of the Career Compensation Act, supra. It is, therefore, .
Ordered and adjudged: That .plaintiff recover of and from the United States additional retired pay in the sum of three thousand, four hundred thirty-seven dollars and fifty cents ($3,437.50) to July 9, 1951.

 Uct of .Tune SO. 1942 (56 Stat. 463) ; Act of Feb, 21, 1946 (60 Stat. 26).