## MILLER v. UNITED STATES.

### No. 50318.

United States Court of Claims.

June 3, 1952.

Fred W. Shields, Washington, D. C. (King & King, Washington, D. C., were on the briefs), for the plaintiff.

John I. Heise, Jr., Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Plaintiff, Adolph B. Miller, a citizen of the United States and a resident of Los Angeles, California, served for more than 30 years in the United States Marine Corps. On October 1, 1942, in conformity with the provisions of the Naval Disability Retirement Act of August 3, 1861, R.S. § 1453, 34 U.S.C.A. § 417, plaintiff was retired from active duty after having been found incapacitated for active service by reason of a service-incurred disability in a finding by the Naval Retiring Board, which was approved by the President. Having received from the Secretary of the Navy a specia'

commendation for the performance of duty in actual combat, plaintiff was advanced on the retired list to the rank of full Colonel, effective October 1, 1942, in accordance with the Navy Retirement Act of June 23, 1938, 52 Stat. 944, 951, 34 U.S.C. § 404(b).

On December 2, 1942, orders were issued by the Commandant of the United States Marine Corps directing plaintiff to proceed to the Naval Air Station, Miami, Florida, for active duty as Commanding Officer of the Marine Barracks in the Naval Air Station. On December 10, 1942, plaintiff reported as directed and served in the rank of Colonel until October 1, 1944, when he was detached from that Station. Following the expiration of his period of leave he was released from active duty to resume his inactive status on the retired list effective November 26, 1944. From November 27, 1944, to October 1, 1949, plaintiff received retired pay to conform with statutory provisions under which the retirement was effective at the rate of three-fourths of the active-duty pay of a Lieutenant Colonel with over 30 years' service for longevity pay purposes.[1]

Upon the enactment of the Career Compensation Act of October 12, 1949, 63 Stat. 802, 829, 37 U.S.C.A. § 231 et seq., a retired pay differential between Lieutenant Colonels and Colonels with over 30 years' service appeared.

Following the promulgation of Presidential regulations pursuant to Section 411 of the Career Compensation Act, supra, Executive Order No. 10124, April 25, 1950, 37 U.S.C.A. § 281 note, plaintiff was advised on June 23, 1950, by the Secretary of the Navy, that he might elect to qualify for disability retirement pay as provided in Title IV of the Act or to receive retirement pay computed under Section 511 of the Act, 37 U.S.C.A. §§ 271 et seq., 311, based upon the rank of full Colonel. Plaintiff exercised the election authorized by the Act, the re-

sult of which initiated gross retirement pay effective October 1, 1949, based upon the rank of full Colonel.

On October 9, 1951, plaintiff was informed by the Marine Corps Headquarters that under a decision of the Comptroller General, 30 Comp.Gen. 419 he had been overpaid retired pay for the period October 1, 1949, to July 1951, and that during this period he was entitled only to the retired pay of a Lieutenant Colonel credited with his length of service instead of the retired pay of a full Colonel credited with his length of service, and that his pay would be checked until he had repaid the alleged overpayment amounting to $1,881. Plaintiff now seeks to recover the amount, more or less, of this checkage, subject to an exact computation by the General Accounting Office.

The plaintiff has filed a motion for summary judgment pursuant to Rule 51 of the Rules of this court, 28 U.S.C.A. and relies upon the allegations of the petition, the plaintiff's affidavit, and on an annexed memorandum of law.

The defendant has filed its motion for an order denying plaintiff's motion for summary judgment, a cross motion for an order granting summary judgment for defendant and dismissing plaintiff's petition on the ground that as a matter of law plaintiff is not entitled to recover relying in support thereof upon the pleadings as filed and certain documents annexed thereto.

The question we are called upon to decide is whether or not plaintiff, by reason of his satisfactory active service as a full Colonel during World War II, is entitled to retired pay since his release from active duty on November 27, 1944, based upon the rank of full Colonel in the United States Marine Corps.

This case turns primarily upon the construction of Section 511 of the Career Com-

---

1. Pursuant to the provisions of the Pay Readjustment Act of 1942, 56 Stat. 359, 37 U.S.C. § 101, lieutenant colonels and colonels with over 30 years' service were both entitled to the active-duty pay of the sixth pay period. The same pay base was used for colonels and lieutenant colonels; so plaintiff would have still received $375 per month had he been retired as a lieutenant colonel. The Pay Act of June 29, 1946, 60 Stat. 345, 37 U.S.C. § 101, increased the base thereby enabling plaintiff to receive $412.50, the identical amount allotted retired lieutenant colonels with over 30 years' service.

pensation Act of 1949, 63 Stat. 829, which provides in material part as follows:

"On and after the effective date of this section (1) members of the uniformed services heretofore retired for reasons other than for physical disability * * * shall be entitled to receive retired pay * * * in the amount whichever is the greater, computed by one of the following methods: (a) The monthly retired pay * * * in the amount authorized for such members * * * by provisions of law in effect on the day immediately preceding the date of enactment of this Act, or (b) monthly retired pay * * * equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member, * * * as determined by the Secretary concerned, and which such member, * * * would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him: * * *."

Plaintiff was promoted to the rank of Colonel on the retired list at the time of his original retirement by reason of the provisions of Section 12(*l*) of the Act of June 23, 1938, 52 Stat. 944, 951, which provides as follows:

"(*l*) All line officers of the Navy who have been specially commended for their performance of duty in actual combat by the head of the executive department under whose jurisdiction such duty was performed, when retired, except as provided in section 12(h) of this Act, shall, upon retirement, be placed upon the retired list with the rank of the next higher grade and with three-fourths of the active-duty pay of the grade in which serving at the time of retirement."

The basic reason given by the Comptroller General in his decision of April 26, 1951, supra, for denying the retired pay of a full Colonel to plaintiff was that the higher rank on the retired list given plaintiff by Congress through the Secretary of the Navy by the provisions of Section 12 (*l*) of the Act of June 23, 1938, as amended, supra, did not constitute an appointment by the executive branch of the Government in the manner prescribed by the Constitution. Hence he concludes this higher rank held by the plaintiff was not of such a nature as to constitute "the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member * * as determined by the Secretary concerned * * *," within the meaning of Section 511 of the Career Compensation Act of 1949, supra.

The defendant rests its main contention upon this decision of the Comptroller General and concludes in effect that the appointment by the Secretary of the Navy of plaintiff to the higher grade was an "honorarium" granted by the Secretary for special combat citation analogous to the award of the Silver Star or Navy Cross paralleled by brevet appointments not in the nature of actual service appointments. Cf. Kimberly v. United States, 97 F.Supp. 710, 119 Ct.Cl. 805. Defendant also says that plaintiff's subsequent active-duty service as a full Colonel was not a temporary appointment within the meaning of Section 511 of the Career Compensation Act, supra, but concedes that had plaintiff been given a temporary active-duty appointment as a full Colonel he would have been properly within the scope of Section 511 of the Act and included in the blanket senatorial approval accorded all temporary active duty appointments.[2]

On the other hand, plaintiff contends that both the Comptroller General and the defendant place too narrow a meaning on the word "appointment"; that as a matter of fact, plaintiff was appointed a Colonel on the retired list under an Act of Congress authorizing the executive department to make such appointments and hence the appointment did not need to be confirmed by the Senate; that, furthermore, plaintiff

---

**2.** Act of July 24, 1941, 55 Stat. 603, June 30, 1942, 56 Stat. 463, 465, 34 U.S.C.A. §§ 350–350j.

was validly recalled to active duty as a Colonel and that he performed active duty as a Colonel for approximately two years and should receive the higher pay for which he now contends.

We believe it is significant that Section 511 of the Career Compensation Act, supra, did authorize retirement and retired pay on the basis of the highest temporary or permanent rank satisfactorily held. Shortly before the outbreak of World War II, Congress authorized temporary appointments in the Navy and Marine Corps by the Act of July 24, 1941, 55 Stat. 603, 34 U.S.C.A. § 350 et seq. Section 6 of the Act required Senate confirmation only for appointments made in the rank of rear admiral in the Navy or general officer in the Marine Corps. As a practical matter then, all such temporary appointments below those ranks were not made strictly in accord with the manner prescribed by the Constitution. There is no suggestion either by the Comptroller General in his decision or by the defendant in its contentions that such temporary officers should be deprived of the benefits of Section 511 of the Career Compensation Act. As Congress authorized the temporary appointment of officers under the provisions of the Act of July 24, 1941, supra, it also authorized the appointment of plaintiff as a Colonel on the retired list under the provisions of Section 12(l) of the Act of June 23, 1938, supra.

When the plaintiff was recalled to active duty under competent orders, the Secretary of the Navy actually believed that he was recalling and did recall a full Colonel to active duty and quite naturally the plaintiff believed that he was being recalled with that rank. Had the Secretary of the Navy anticipated in the least the controversy which is now before us, we believe that he would have issued plaintiff a temporary appointment as full Colonel without hesitation.

At the time of the enactment of the Act of July 24, 1941, supra, it is a matter of general knowledge that not only the Navy and Marine Corps, but all branches of the armed services were issuing temporary appointments to large numbers of civilians without previous military training who possessed particular skills needed at that time

in our preparedness program. It would indeed produce an incongruous and absurd result for this court to construe the congressional enactments in such a way as to favor such a temporary appointee over a career member of the United States Marine Corps, United States v. Brown, 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442.

Accordingly, the defendant's motion for an order denying plaintiff's motion for summary judgment and a further order granting summary judgment for defendant and dismissing plaintiff's petition are hereby denied, and the plaintiff's motion for summary judgment is granted.

The plaintiff is entitled to recover. Entry of judgment will be suspended to await the filing of a report from the General Accounting Office showing the amount due the plaintiff.

It is so ordered.

JONES, C. J., and MADDEN, WHITAKER, and LITTLETON, JJ., concur.