**ALGER v. UNITED STATES.**

No. 235-52.

United States Court of Claims.

Nov. 3, 1953.

John H. Coffman, Washington, D. C., for plaintiff.

Ernest C. Baynard, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff, a retired officer of the United States Coast Guard, seeks to recover additional retired pay for the period since August 1, 1951. There is no material issue as to the essential facts in the case, and it is presently before us on plaintiff's and defendant's motions for summary judgment.

On August 4, 1902, plaintiff was appointed a Cadet, United States Revenue Cutter Service.[1] On August 7, 1905, he

---

**1.** Now a part of the Coast Guard. See 38 Stat. 800.

was appointed an Ensign, and through promotions attained the permanent rank of Captain, effective February 28, 1943. On reaching the statutory age for retirement plaintiff was retired effective March 1, 1943, in accordance with the provisions of 14 U.S.C. (1946 Ed.) § 173 [now 14 U.S.C.A. § 230].

As plaintiff had completed more than forty years' service at that time, he was advanced on the retired list to the rank of Rear Admiral, pursuant to the Act of January 12, 1923, 42 Stat. 1130–31, 14 U.S.C. (1946 Ed.) § 174.[2] He was recalled to active duty on September 4, 1943, and served satisfactorily in the rank of Rear Admiral from this time until May 1, 1944, when he was released from active duty. The Coast Guard was under the jurisdiction of the Navy Department during the war.

There is no controversy as to the retired pay received by plaintiff for any period prior to October 1, 1949. On October 12, 1949, Congress enacted the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 231 et seq., effective as of October 1, 1949, and it is Section 511 of this Act with which we are here concerned.

Sec. 511, 63 Stat. 829, provides in pertinent part:

"On and after the effective date of this section [October 1, 1949] (1) members of the uniformed services heretofore retired for reasons other than for physical disability * * * shall be entitled to receive retired pay * * * in the amount whichever is the greater, computed by one of the following methods: (a) The monthly retired pay * * * in the amount authorized for such members * * * by provisions of law in effect on the day immediately preceding October 12, 1949, or (b) monthly retired pay * * * equal to 2½ per centum of the

monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member * * * as determined by the Secretary concerned and which such member * * * would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him * * *."

From October 1, 1949, to July 31, 1951, plaintiff received retired pay computed at the rate of 75 percent of the base pay of a Rear Admiral, lower half, in accordance with the method contained in Section 511(b). In August of 1951, however, plaintiff was informed that under a ruling of the Comptroller General he was not entitled to retired pay computed on the basis of the pay of a Rear Admiral under the provisions of Section 511(b) of the Act. Consequently, plaintiff's retired pay has been computed, since August 1, 1951, at the rate of 75 percent of the base pay of a Captain.

It appears that the ground for the Comptroller General's ruling was that officers who had been advanced on the retired list in accordance with applicable statutory provisions, as had plaintiff, could not be regarded as having held an "appointment" within the contemplation of the language of Section 511(b) referring to the highest federally recognized rank, grade, or rating satisfactorily held, "whether under a permanent or temporary appointment". See 30 Comp. Gen. 419 (April 26, 1951); 31 Comp.Gen. 254 (January 9, 1952).

In accordance with the Comptroller General's ruling, plaintiff's retired pay has been reduced, as heretofore indicated, and in addition defendant has checked plaintiff's account for the difference between the retired pay of a Rear

---

**2.** This section reads in pertinent part as follows:

"When a commissioned officer of the Coast Guard who has had forty years' service shall retire, he shall be placed on the retired list with the rank and retired pay of one grade above that actually held by him at the time of retirement * * *."

Now 14 U.S.C.A. § 421(b).

Admiral, lower half, and that of a Captain for the period October 1, 1949, to July 31, 1951.[3]

The first issue presented is whether or not plaintiff is entitled under the facts to retired pay since October 1, 1949, computed at the rate of 75 percent of the base pay of a Rear Admiral, lower half, the rank to which he was advanced on the retired list, under the method contained in Section 511(b) of the Career Compensation Act, supra. If the answer to this question is in the negative, we must then decide whether or not plaintiff is entitled to retain the retired pay computed on the basis of his advanced rank, which was paid to him during the period October 1, 1949, to July 31, 1951.

Defendant takes the position that plaintiff was never appointed to the rank of Rear Admiral by the President, with the advice and consent of the Senate; that such an appointment is a condition or qualification essential to plaintiff's right to receive retired pay computed on the basis of the pay of a Rear Admiral, lower half, under the provisions of Section 511(b), and that plaintiff therefore does not qualify for retired pay computed on the basis of that rank under the terms of the statute. Defendant further asserts that plaintiff's recall to active duty and his service on active duty in the rank of Rear Admiral subsequent to his retirement does not eliminate the necessity for an appointment to that rank.

We cannot, under the facts of the instant case, agree with defendant's argument. The same contentions, in essence, were urged by the government in the case of Miller v. United States, 104 F. Supp. 981, 123 Ct.Cl. 351, and there rejected. We adhere to the conclusion there reached.

Plaintiff in the Miller case, supra, a Marine Corps officer with more than thirty years' service, was retired from active duty. In accordance with the applicable statute[4] he was advanced on the retired list to the rank of Colonel, by reason of the fact that he held a special commendation for the performance of duty in actual combat. He was later recalled to active duty in the rank of Colonel, served in this rank for approximately two years, and was then released from active duty. For some time after the passage of the Career Compensation Act of 1949, supra, he received retirement pay computed, under Section 511 (b), on the basis of the rank of Colonel. In October 1951, however, he was informed that under the ruling of the Comptroller General, previously referred to herein (30 Comp.Gen. 419), he was entitled to the retired pay of a Lieutenant Colonel only.

On these facts, which parallel in all important respects those of the instant case, plaintiff there was held entitled, under Section 511(b) of the Career Compensation Act, to the retired pay of the rank to which he had been advanced upon the retired list and in which he had served satisfactorily on active duty.[5] For the reasons expressed therein and for those appearing hereafter, we are of the opinion, and we hold, that plaintiff in the instant case is also entitled to the retired pay, computed under Section 511 (b), of the rank to which he had been advanced on the retired list according to law and which he held satisfactorily on active duty.

Any other result would, we think, be incongruous and not in keeping with what Congress intended when it enacted the Career Compensation Act of 1949.

---

3. Whether or not this is a *fait accompli* does not appear from the record. Plaintiff alleges that he will be checked, while defendant states in its brief that it "was clearly within its rights in checking plaintiff's account" for this amount. We assume, for purposes of ruling on the issues of law involved, that defendant's officers have checked plaintiff's account.

4. Section 12 (*l*) of the Act of June 23, 1938, 52 Stat. 944, 951.

5. Cf. Shanley v. United States, 122 Ct.Cl. 692, 697, where the officer was not recalled to active duty in the advanced rank.

House Report No. 779, 81st Congress, 1st Sess., p. 8, indicates that:

"Section 511 * * * permits those now on the retired lists to elect to retain their present pay or to compute their pay on the basis of the new pay scales at the rate of 2½ percent of the monthly basic pay of the *highest federally recognized rank, grade, or rating satisfactorily held by the member during his entire career* multiplied by the number of years of active service." (Italics supplied.)

In the sectional analysis of the bill, contained in the same report, it is stated that:

"Section 511 authorizes members of the uniformed services * * * heretofore retired * * * to receive retired * * * pay, computed in the amount, whichever is greater, authorized by present law or the amount obtained by multiplying 2½ percent by the monthly basic pay of *the highest temporary or permanent rank, grade, or rating satisfactorily held by such member*, as determined by the Secretary concerned, by the nearest whole number of years of active service." (Italics supplied.)

These comments are strongly persuasive that the view we take is in accordance with what Congress intended when it enacted Section 511(b). The language of Section 511(b) upon which the government bases its defense is not indicative of a Congressional mandate that only officers holding permanent or temporary "appointments," by the President and confirmation by the Senate, were to be included within its scope. The section does afford, in our opinion, the right to receive retired pay computed upon the basis of the highest rank satisfactorily held on active duty by the retired member during his entire career, whether the rank be held by formal "appointment" or by advancement by statute.

Plaintiff comes well within the spirit, if not the literal language, of the statute. For these reasons, and for the reasons expressed in Miller v. United States, supra, we hold that he is entitled to retired pay computed, under Section 511(b), upon the basis of the rank of Rear Admiral, lower half. We need not decide, therefore, whether or not plaintiff could in any event retain the retired pay actually received by him during the period October 1, 1949 to July 31, 1951.

Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied. Entry of judgment on plaintiff's claim, which is a continuing one, is suspended pending the filing of a computation by the General Accounting Office showing the amount due plaintiff.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.