**HOTTEL v. UNITED STATES.**
No. 499–52.

United States Court of Claims.

May 4, 1954.

Fred W. Shields, Washington, D. C., for plaintiff. King & King, Washington, D. C., were on the brief.

Ernest C. Baynard, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

LITTLETON, Judge.

Plaintiff, a retired Coast Guard officer, brings this suit to recover the difference in retired pay between that of a Rear Admiral, upper half, and that of a Captain for the period from October 1, 1949, to date of judgment.

Plaintiff was commissioned an ensign in the United States Coast Guard in 1898 and served continuously on active duty as a commissioned officer rising to the permanent rank of Captain, which rank he held at the time of his retirement on December 1, 1940. Having served over 40 years, he was upon retirement advanced to the rank of Rear Admiral with retired pay of the lower half pursuant to Section 3 of the Act of January 12, 1923, 42 Stat. 1130.[1]

On June 9, 1942, plaintiff was recalled to active duty by the Secretary of the Navy as a Rear Admiral serving until November 5, 1946, with the exception of a brief period in July and August of 1942, when he was in an inactive status. The Coast Guard was under the Navy Department during the war. Upon his recall to duty, he received the active duty pay and allowances of a Rear Admiral, lower half, until April 8, 1946, and thereafter, pursuant to the Act of April 8, 1946, 60 Stat. 86, 34 U.S.C.A. § 428,[2]

[1]. This section reads in pertinent part as follows:

"* * * When a commissioned officer of the Coast Guard who has had forty years' service shall retire, he shall be placed on the retired list with the rank and retired pay of one grade above that actually held by him at the time of retirement * * *. 14 U.S.C.A. § 174."

[2]. This Act provided in part as follows:

"That any officer of the retired list of the Navy or Coast Guard of the permanent grade or rank of rear admiral who is entitled to the pay of the lower half of that grade and who is, has been, or may be recalled to active duty and who in time of war or other national emergency served, serves, or may serve satisfactorily on active duty for a period of two years or more in the grade or rank of rear admiral or in a higher grade, shall be entitled when on active duty to the pay and allowances of a rear admiral of the upper half unless he is entitled under other provisions of law to higher pay and allowances".

he received the pay and allowances of a Rear Admiral of the upper half.

Following his release on November 5, 1946, plaintiff was placed on the retired list as a Rear Admiral of the upper half and was paid retired pay as such until August of 1951. At that time he was informed that the Government had been in error in granting him retirement pay since October 1, 1949, as a Rear Admiral of the upper half. Thereafter his pay was reduced to that of a retired Captain and his payments checked in the amount of $50 per month in order to recoup the alleged overpayments made during the period October 1949 through August 1951.

This reduction made effective October 1, 1949, was made by the defendant on the basis of the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 231, et seq., effective October 1, 1949. Section 511, 63 Stat. 829, of that Act which is pertinent here reads in part as follows:

"On and after the effective date of this section [October 1, 1949] (1) members of the uniformed services heretofore retired for reasons other than for physical disability * * * shall be entitled to receive retired pay * * * in the amount whichever is the greater, computed by one of the following methods: (a) The monthly retired pay * * * in the amount authorized for such members * * * by provisions of law in effect on the day immediately preceding the date of enactment of this Act [Oct. 12, 1949], or (b) monthly retired pay * * * equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member * * * as determined by the Secretary concerned, and which such member * * * would be entitled to receive if serving on active duty in such rank,

grade, or rating, multiplied by the number of years of active service creditable to him * * *." 37 U.S.C.A. § 311.

Defendant's position is that in order to qualify under (b) above, as plaintiff contends, it is necessary that plaintiff show that he had received an appointment, either permanent or temporary, as a Rear Admiral by the President, with the advice and consent of the Senate. Defendant points out that plaintiff received no such appointment and further contends that satisfactory service at that rank on and after his call to active duty fails to satisfy the requirements of Section 511(b).

This identical argument was presented to this court by the defendant in two prior cases which involved factual situations parallel to the present case. It was rejected in both. Miller v. United States, 104 F.Supp. 981, 123 Ct.Cl. 351 and Alger v. United States, 115 F.Supp. 898, 901, 126 Ct.Cl. 561, decided November 3, 1953.[3] In this latter case we stated:

"The language of Section 511(b) upon which the government bases its defense is not indicative of a Congressional mandate that only officers holding permanent or temporary 'appointments,' by the President and confirmation by the Senate, were to be included within its scope. The section does afford, in our opinion, the right to receive retired pay computed upon the basis of the highest rank satisfactorily held on active duty by the retired member during his entire career, whether the rank be held by formal 'appointment' or by advancement by statute."

When plaintiff was recalled to active duty June 9, 1942, he served first as a Rear Admiral of the lower half until April 8, 1946, and thereafter as a Rear Admiral of the upper half pursuant to an Act of that date, supra. That rank was the highest federally recognized grade

---

3. The Alger decision was rendered subsequent to the submission of the present case to the court.

**912**

satisfactorily held by plaintiff during his active service with the Coast Guard, and in line with the Miller and Alger decisions, and for the reasons stated therein, we hold that plaintiff is and has been since October 1, 1949, entitled to the retirement pay of a Rear Admiral of the upper half under the provisions of Section 511(b) of the Career Compensation Act of 1949, supra. As an alternative contention, plaintiff has argued that he is entitled to the identical retirement benefits under the Act of April 8, 1946, supra, but having held that he may recover under the provisions of Section 511(b), we find it unnecessary to decide the issues raised by that contention.

Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied. Entry of judgment is suspended pending the filing of a report by the General Accounting Office showing the amount due plaintiff in accordance with this decision.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.