George W. CAIRNES
v.
UNITED STATES.

Ralph W. DEMPWOLF
v.
UNITED STATES.

Henry G. FISHER
v.
UNITED STATES.

Sigval B. JOHNSON
v.
UNITED STATES.

Frank B. LINCOLN
v.
UNITED STATES.

William E. MACCOUN
v.
UNITED STATES.

Norman C. MANYON
v.
UNITED STATES.

W. H. MUNTER
v.
UNITED STATES.

Fred A. NICHOLS
v.
UNITED STATES.

Christopher G. PORCHER
v.
UNITED STATES.

Floyd J. SEXTON
v.
UNITED STATES.

Wm. J. WHEELER
v.
UNITED STATES.

Nos. 260–52, 213–52, 261–52, 237–52, 285–52,
308–52, 238–52, 239–52, 240–52,
259–52, 241–52.

United States Court of Claims.

Feb. 8, 1955.

Thomas H. King, Washington, D. C., F. O. Willenbucher, Washington, D. C., on the briefs, for plaintiffs.

Arthur E. Fay, Washington, D. C., Warren E. Burger, Asst. Atty. Gen.,

James H. Falloon, Washington, D. C., on the briefs, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiffs, all retired officers of the United States Coast Guard, claim additional retired pay.

Each plaintiff served over 40 years in the United States Coast Guard and upon retirement was placed on the retired list at a rank one grade above that held at retirement.

Plaintiffs, Cairnes, Dempwolf, Fisher, Maccoun, Munter, Manyon, Nichols, Porcher, Sexton and Wheeler, were each advanced on retirement to Rear Admiral, United States Coast Guard, Retired, from the permanently held rank of Captain, the highest rank in which each of them had served on active duty. Plaintiff, Lincoln was advanced to the rank of Captain, United States Coast Guard, Retired, from the permanent rank of Commander, which was the highest rank he held in active service. Plaintiff, Johnson had served under a temporary appointment as Commander, and later under a temporary appointment as Captain, which rank he held at the time of retirement. He was advanced on the retired list to the rank of Rear Admiral (lower half).

None of plaintiffs were at any time recalled to active duty and none of them served on active duty at the rank to which they had been advanced on retirement. Plaintiff, Johnson, was, prior to October 1, 1949, paid the retired pay of the rank of Rear Admiral (lower half), which was the same pay as a Captain based on his allowance and years of service. After such date he was paid at a rate of 75% of the base pay of a Captain with over 30 years' service and he never received higher pay and was never required to make refund of any pay. After the enactment of the Career Compensation Act of 1949, 37 U.S.C.A. § 231 et seq., each of the other plaintiffs had their retirement pay computed on the higher rank until about August 1951, when the General Accounting Office ruled that after the effective date of the Career Compensation Act of 1949, their retirement pay was to be computed on the rank held by plaintiffs immediately prior to their retirement.

Each plaintiff except Johnson has been required by the General Accounting Office to repay the claimed overpayment of retirement pay for the period between October 1, 1949 to and including July 31, 1951.

Each plaintiff claims additional retirement pay computed under Section 511(b) of the Career Compensation Act of 1949, from the period it became effective, October 1, 1949, until the date of Judgment, each being a continuing claim.

The plaintiffs have filed a motion for summary judgment pursuant to Rule 51 of the Rules of this court, 28 U.S.C.A., and rely upon the allegations of the petition and the authorities contained in the brief.

The defendant has filed its motion for an order denying plaintiffs' motion for summary judgment and a cross motion for summary judgment, relying upon the allegations of the petition and the authorities contained in the brief.

The question presented is whether the plaintiffs, who at retirement, after over 40 years' service in the Coast Guard, were advanced in rank and retirement pay pursuant to the provisions of the Act of January 12, 1923, 42 Stat. 1130, and who have not been recalled to active duty, are entitled to have their retired pay computed under Section 511(b) of the Career Compensation Act of 1949, 63 Stat. 829, on the basis of any rank higher than that held by each of them while on active duty.

Plaintiffs, having served over 40 years in the United States Coast Guard, were retired under the provisions of the Act of January 12, 1923, 42 Stat. 1130, 1131, which in material part provided:

"That hereafter when a commissioned officer of the Coast Guard who has had forty years' service shall retire, he shall be placed on the retired list with the rank and retired pay of one grade above that actually held by him at the time of retirement; and, in the case of a captain, the rank and retired pay of one grade above shall be the rank of commodore and the pay of a commodore in the Navy on the retired list." 14 U.S.C.A. § 174.

Section 511 of the Career Compensation Act of 1949, 63 Stat. 829, under which plaintiffs say they are entitled to have their retirement pay computed, in material part provides:

"On and after the effective date of this section (1) members of the uniformed services heretofore retired for reasons other than for physical disability, * * * shall be entitled to receive retired pay, * * * in the amount whichever is the greater, computed by one of the following methods:

"(a) The monthly retired pay, * * * in the amount authorized for such members * * * by provisions of law in effect on the day immediately preceding the date of enactment of this Act, or (b) monthly retired pay, * * * equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, *satisfactorily held,* by such member * * *, as determined by the Secretary concerned, and which such member, * * * would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him: * * *." [Italics supplied.]

Section 511, supra, provides that the retirement pay shall be either (a) based on old laws in effect prior to the enactment of the Career Compensation Act, or (b) the monthly retirement pay computed in accordance with the new formula set forth in Subsection 511(b).

These cases turn on the question of whether or not plaintiffs meet the express qualifications and standards set forth by Congress in order to have their retirement pay computed under Section 511(b).

The House Committee of Armed Services in its report on the Bill which became the Act, set forth the basic rationale of Section 511 when it stated, with regard to the retirement provisions of the Act: House Report No. 779, 81st Congress, 1st Session, page 8.

"All persons who have been placed on the retired list prior to the date of enactment may elect to continue receiving retired pay at the present rates, or to apply for recomputation of such pay at the new rates. *In the latter case, it will be necessary that they meet the new retirement qualifications as set forth in the bill.*" [Italics supplied.]

Among those standards Congress required, in Section 511(b), that the rank of the retiring Officer, which was the basis of the new computation of pay, must be under a temporary or permanent appointment which had been *satisfactorily held* as determined by the Secretary concerned.

Section 402(d) of the same Act, covering disability retirement pay computation, contains a similar provision. Under this section a member who held a temporary rank which was higher than the rank held by him at the time of retirement, or placement on the temporary disability retired list, could use the higher temporary rank for computation purposes, if he had *"served satisfactorily in such higher rank"*.

■ Section 511(b) and Section 402(d) are closely allied, being action taken by the same Congress to establish uniform pay scales through the passage of the Career Compensation Act. It is clear that the sections are in *pari materia.* It cannot be assumed that such related words as "satisfactorily held" in

158

Section 511(b) and "served satisfactorily" in Section 402(d) have such different meanings as will permit officers theretofore retired to collect retired pay based on a rank in which they never served on active duty, while denying the same privilege to officers thereafter retired.

 This Court in Kimberly v. United States, 97 F.Supp. 710, 711, 119 Ct. Cl. 805, considered the meaning of Section 402(d) and, in dismissing plaintiff's petition, used the following language:

"It is manifest from the various official documents that our retirement provisions were intended by the Congress to be made on the basis of the actual rank held by officers at the time of the retirement and that the provisions of the act of October 12, 1949, were intended merely to give the retiring officer the advantages of a higher rank where the promotions were real and *covered the actual service* in the United States Army as such." [Italics supplied.]

It is significant that the cases decided by the court[1] after the Kimberly case, supra, except the Shanley case, were all claims wherein the officers were recalled to active duty. Hence, they either "served satisfactorily" in, or "satisfactorily held" the higher rank as set forth in the Career Compensation Act, supra, and thereby met the requirements of said act.

It seems that Congress intended that those who had a brevet rank given on retirement should not have retired pay under the 1949 rates at the brevet rank, but he could either hold his existing retired pay or elect a greater sum computed at his actual service rank based on the higher pay of the 1949 act.

This is exactly what the Court held in Shanley v. United States, 122 Ct.Cl. 692. The same result was reached in the Kimberly case, supra.

Therefore, it is clear that the Kimberly case, supra, and the Shanley case, supra, are controlling in this instance and the plaintiffs' never having served in the advanced rank, do not meet the retirement qualifications of Section 511 (b) of the Career Compensation Act, supra.

Plaintiffs' motions for summary judgment are denied and defendant's motion for summary judgment is granted. Plaintiffs' petitions are dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, JJ., concur.

---

1. Miller v. United States, 104 F.Supp. 981, 123 Ct.Cl. 351; Alger v. United States, 128 Ct.Cl. 777; Hottel v. United States, 120 F.Supp. 910, 128 Ct.Cl. 284; Shanley v. United States, 122 Ct.Cl. 692.