Louis Standish **TRACY**

v.

The **UNITED STATES.**

No. 113–55.

United States Court of Claims.
June 5, 1956.

Harry E. Wood, Washington, D. C., Ansell & Ansell, Washington, D. C., on the briefs, for plaintiff.

Alfred H. O. Boudreau, Jr., Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The issue is the rate of pay which plaintiff, a retired Army officer, is entitled to receive. He was retired May 1, 1950, for physical disability, his rate of retired pay being 60 percent of the basic pay of a lieutenant colonel with over 26 years' service, pursuant to Title IV of the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 271 et seq.

Plaintiff claims that, since he was serving on active duty in the temporary rank of lieutenant colonel, but at that time he held the permanent rank of a colonel in the Officers' Reserve Corps, he should have been retired at the rate of 75 percent of the active duty pay of a colonel, under the provisions of section 402(d) of the Career Compensation Act, supra,

63 Stat. 818,[1] and paragraph 4, section 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 368; and is entitled to recover the difference from May 1, 1950, the date of his retirement, as a continuing claim.

He alleges that, in the alternative, he is at least entitled under the quoted sections of the 1949 and 1942 acts, supra, to 75 percent of the active duty pay of a lieutenant colonel with over 26 years' service, and is entitled to recover the difference between that rate and the 60 percent he has been receiving since May 1, 1950.

After some 19 years' service in components of the Army of the United States including active enlisted service from July 25, 1917, to April 29, 1919, the plaintiff was on January 6, 1941, inducted into the Federal service in the grade of lieutenant colonel, National Guard of the United States. On October 27, 1947, he was appointed a temporary lieutenant colonel in the Army of the United States which appointment he accepted on December 3, 1947.

On January 27, 1948, the plaintiff accepted a permanent commission as colonel Officers' Reserve Corps. This terminated his commission as lieutenant colonel, National Guard of the United States. He continued, however, on active service under his commission as lieutenant colonel until April 30, 1950, at which time he was retired from active service with a 60 percent physical disability, pursuant to section 402(b) of the Career Compensation Act of 1949, supra. He was given, and has since received, 60 percent of the basic pay of a lieutenant colonel with over 26 years' service.

The plaintiff says that the percentage which should be applied to his basic pay should be 75 and not 60. We think he is right. Section 15 of the Pay Readjustment Act of 1942, supra, provides in part as follows:

"The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

This court held in Berry v. United States, 107 F.Supp. 849, 123 Ct.Cl. 530, that this provision did not apply to reserve officers retired prior to 1949 for longevity, but only to officers of the Regular Army. But section 402(i) of the Career Compensation Act of 1949, supra, provides:

"All members of the reserve components heretofore or hereafter retired or granted retirement pay because of physical disability shall be entitled to the same pay, rights, benefits, and privileges provided by law or regulation for retired members of the regular services."

Since, as we have seen, the plaintiff had active service prior to November 12, 1918, the percentage to be used in computing his retired pay is 75.

We now consider whether his retired pay should be computed on the basis of the pay of his permanent rank of colonel, or his temporary rank of lieutenant colonel. Section 402(d) of the Career Compensation Act of 1949 provides in part as follows:

"* * * a member of the uniformed services who is retired pursuant to the provisions of this title, shall be entitled to receive disability retirement pay computed * * * by multiplying an amount equal to the monthly basic pay of the rank, grade, or rating held by him * * *

---

1. Sections 1 and 2 of this act are now covered by subsection 272(d) of Title 37, U.S.C.A., which is the codification of sub- section 402(d) of the Career Compensation Act, the act upon which the plaintiff relies.

at the time of his retirement, * * *."

The permanent rank of the plaintiff at the time of his retirement was that of colonel. The Government urges that the following proviso which appears in section 402(d) modifies what seems to be the plain language just above quoted:

"* * * *Provided further,* That the disability retirement pay of any such member who shall have held a temporary rank, grade, or rating higher than the rank, grade, or rating held by him at the * * * time of his retirement * * * and who shall have served satisfactorily in such higher rank, grade, or rating as determined by the Secretary concerned, shall be computed on the basis of the monthly basic pay of such higher rank, grade, or rating to which he would have been entitled had he been serving on active duty in such higher rank, grade, or rating * * * at the time of retirement, * * *."

This proviso has no application to the plaintiff's situation. It is expressly applicable only to a case where an officer has held a temporary rank higher than his permanent rank, and has been certified by the Secretary as having served satisfactorily therein. In that case he is retired at the higher rank. The proviso has no application to the very opposite of the situation recited in it, where the officer is serving temporarily in a rank lower than his permanent one. It would be most remarkable that an officer who had held the permanent rank of colonel for more than two years should be demoted upon the occasion of being retired for physical disability.

Another instance in which an officer is retired in a rank in which he never actually served, and indeed, to which he never was appointed, appears in a further proviso to section 402(d) of the Career Compensation Act of 1949, as follows:

"*Provided further,* That if the physical disability entitling such member to disability retirement pay is found to exist as a result of a physical examination given in connection with effecting a permanent promotion or a temporary promotion * * * the disability retirement pay of such member shall be based upon the basic pay of the rank, grade, or rating to which such member would have been promoted but for such disability, if such rank, grade, or rating is higher than any other rank * * * upon which such pay is herein authorized to be computed and which such member would have been entitled to receive if serving on active duty in such rank, grade, or rating: * * *."

See Fredrickson v. United States, 138 F.Supp. 265, 133 Ct.Cl. ——.

■ When the statutes speak in some places of an officer's "rank", and in other places of his "temporary rank", the word rank, without qualification, cannot have been intended to mean anything other than his permanent rank.

In the case of Kimberly v. United States, 97 F.Supp. 710, 119 Ct.Cl. 805, the plaintiff claimed that he had served in the *higher* temporary rank of brigadier general, and therefore was entitled to retired pay based on that rank. The court held the higher rank was merely a brevet rank awarded for a special diplomatic purpose, and was not the kind of temporary rank contemplated by the statute. Some language of the court relating to "actual service" was not necessary to the decision. It is, of course, nearly always true that an officer will have had actual service in his permanent rank, but we have shown above that it is not a universal requirement.

The officers involved in the case of Cairnes v. United States, 128 F.Supp. 155, 130 Ct.Cl. 776, were officers who had served for 40 years in the United States Coast Guard and who had been retired under the Act of January 12, 1923, 42 Stat. 1130, 1131, 14 U.S.C.A. § 174. That act gave such 40-year officers retired rank and retired pay one grade above that actually held at the time of retirement. After the enactment of the Career

Compensation Act of 1949, these officers, already retired, claimed to be entitled to have their retired pay computed on the basis of the considerably higher pay provided for all ranks of officers, applied to the higher rank on which they had been retired under the 1923 Act, supra. They could have kept the retired pay of the higher rank, but at the pay of that rank before the 1949 pay raises.

Section 511 of the Career Compensation Act of 1949, 37 U.S.C.A. § 311 was the applicable statute in the Cairnes case. It said:

"On and after the effective date of this section (1) members of the uniformed services *heretofore* retired for reasons *other than for physical disability,* * * * shall be entitled to receive * * * (b) monthly retired pay * * * equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank * * * whether under a permanent or temporary appointment, *satisfactorily* held, by such member * * *, as determined by the Secretary concerned, and which such member, * * * would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him: * * *." [Italics added.]

The plaintiffs in Cairnes were *heretofore* retired, and for reasons *other than physical disability.*

· The court in the Cairnes case said that the provision of section 511 under which Cairnes was claiming, and section 402 (d), under which the plaintiff claims, were in *pari materia* and that the words "satisfactorily held", in section 511, and the words "served satisfactorily" in section 402(d) should be given the same meaning. But, as we have pointed out, the words "served satisfactorily" in section 402(d) occur in a separate proviso applying only to officers who have at some time served temporarily in a higher rank than the one held at the time of retirement. That proviso has no application to one who is retired after having held a permanent rank for more than two years as the plaintiff has, and who only claims the retired pay applicable to his permanent rank.

■ The plaintiff's motion for summary judgment on his claim for the difference between the retired pay he has been receiving since May 1, 1950, and retired pay computed at the rate of 75 percent of the basic pay of a colonel with over 26 years' service, is granted, and the defendant's motion for summary judgment is denied.

The plaintiff is entitled to recover. The amount of the judgment will be determined pursuant to Rule 38(c) of the Rules of this Court, 28 U.S.C.A.

It is so ordered.

WHITAKER and LITTLETON, Judges, concur.

JONES, Chief Judge (dissenting in part).

I agree that plaintiff should have been retired at the rate of 75 percent of his pay as a lieutenant colonel, the highest rank in which he ever actually served. It is true that after he was called into the Federal service and was appointed a lieutenant colonel in the Army of the United States he was tendered and accepted a permanent appointment as a colonel in the Officers' Reserve Corps, but he continued to serve as a lieutenant colonel in the Army of the United States, and he never had a minute's actual service as a colonel, and at no time served in a higher rank than that of lieutenant colonel.

To justify a retirement in a rank higher than any in which actual service has been rendered would require a clear statute to that effect. There is no such statute.

Plaintiff's active duty in the Army from December 3, 1947, to his retirement April 30, 1950, was performed under his commission as lieutenant colonel, Army of the United States.

The plaintiff's disability retirement pay under section 402(b) of the Career

Compensation Act of 1949, as amended, 63 Stat. 802, 37 U.S.C.A. § 272(b), is determined by the rank, grade or rating in which he was serving on active duty at the time of his retirement. In order to receive disability retirement pay based upon the rank of colonel, the plaintiff must have served satisfactorily in such rank as determined by the Secretary of the Army. This requirement has not been met. Kimberly v. United States, 97 F.Supp. 710, 119 Ct.Cl. 805; Cairnes v. United States, 128 F.Supp. 155, 130 Ct. Cl. 776.

We quote from the opinion in the Cairnes case, 128 F.Supp. at page 158, 130 Ct.Cl. at page 781, as follows:

"This Court in Kimberly v. United States, 97 F.Supp. 710, 711, 119 Ct. Cl. 805, considered the meaning of Section 402(d) and, in dismissing plaintiff's petition, used the following language:

" 'It is manifest from the various official documents that our retirement provisions were intended by the Congress to be made on the basis of the actual rank held by officers at the time of the retirement and that the provisions of the act of October 12, 1949, were intended merely to give the retiring officer the advantages of a higher rank where the promotions were real and *covered the actual service* in the United States Army as such.' [Italics supplied.] It is significant that the cases decided by the court [1] after the Kimberly case, supra, except the Shanley case, were all claims where-

in the officers were recalled to active duty. Hence, they either 'served satisfactorily' in, or 'satisfactorily held' the higher rank as set forth in the Career Compensation Act, supra, and thereby met the requirements of said act.

"It seems that Congress intended that those who had a brevet rank given on retirement should not have retired pay under the 1949 rates at the brevet rank, but he could either hold his existing retired pay or elect a greater sum computed at his actual service rank based on the higher pay of the 1949 act.

"This is exactly what the Court held in Shanley v. United States, 122 Ct.Cl. 692. The same result was reached in the Kimberly case, supra.

"Therefore, it is clear that the Kimberly case, supra, and the Shanley case, supra, are controlling in this instance and the plaintiffs' never having served in the advanced rank, do not meet the retirement qualifications of Section 511(b) of the Career Compensation Act, supra."

Under the facts as pleaded in this case, plaintiff is not entitled to retirement pay at the rate of 75 percent of the active duty pay of a colonel.

Plaintiff was and is entitled to receive retirement pay at the rate of 75 percent of the active duty pay of a lieutenant colonel with over 26 years' service.

LARAMORE, Judge, concurs in the foregoing dissent.

---

[1]. Miller v. United States, 104 F.Supp. 981, 123 Ct.Cl. 351; Alger v. United States, 115 F.Supp. 898, 126 Ct.Cl. 561, 128 Ct. Cl. 777; Hottel v. United States, 120 F. Supp. 910, 128 Ct.Cl. 284; Shanley v. United States, 122 Ct.Cl. 692.