William Irving **WOODFORD**

v.

The **UNITED STATES.**

No. 225-55.

United States Court of Claims.
May 8, 1957.

Frank H. Cox, Little Rock, Ark., for plaintiff.

Francis P. Borden, Jr., College Park, Md., with whom was George Cochran Doub, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, at present a lieutenant colonel in the Officers' Reserve Corps, presents three claims which will be disposed of in the order presented. The case arises on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment.

■ The first claim is for an amount by which the pay of a lieutenant colonel exceeds that of a major. This claim is based on plaintiff's advance to the higher rank in the Reserves and an alleged service in this advanced rank.

Plaintiff alleges in his petition that during the period from October 1, 1949, to and including October 8, 1950, he received the basic pay and allowances of a major and that during said period he held the rank and grade of a lieutenant colonel, thus entitling him to the higher pay of a lieutenant colonel for the above period.

Plaintiff's service record (defendant's exhibits 1 and 2) disclose the following:

Plaintiff had enlisted service in the Arkansas National Guard from June 1, 1921, to May 18, 1923, and from July 14, 1923, to August 26, 1940, when he was honorably discharged as sergeant to accept a commission; he was federally recognized as first lieutenant, Coast Artillery Corps, Arkansas National Guard, August 27, 1940; appointed first lieutenant, Coast Artillery Corps, National Guard of the United States, January 6, 1941; accepted and inducted into Federal service January 6, 1941; promoted to captain, Army of the United States, July 11, 1942, accepted July 15, 1942; promoted to major, Army of the United States, April 20, 1943; appointed lieutenant colonel, Coast Artillery Corps, Officers' Reserve Corps, July 16, 1947, accepted July 30, 1947; relieved from active duty August 9, 1950, not by reason of physical disability, and his commission as major, Army of the United States, was terminated on that date and he is now a lieutenant colonel, Artillery, United States Army Reserves. Plaintiff had active service as a commissioned officer from January 6, 1941, to August 9, 1950. From October 24, 1923, to August 26, 1940, plaintiff was also a civilian employee of the Arkansas National Guard in the capacity of caretaker-mechanic, at which time he received a National Guard commission and was no longer eligible for civilian employment.

Plaintiff's appointment as a lieutenant colonel in the Reserves (defendant's exhibit 5) discloses the following:

"4. This does not affect your current active duty status and you will not perform the duties of an officer under this appointment until so directed by competent orders."

Plaintiff's oath of office (defendant's exhibit 7) contains a report of entry on active duty, which is blank. Thus it can be seen that the highest rank in which plaintiff served on active duty was that of major, and it was never intended that he perform any duties under his appointment as a lieutenant colonel until so directed by competent orders. None were ever issued.

Plaintiff claims entitlement to the increased pay under the Career Compensation Act of 1949, 63 Stat. 802, 806, 37 U.S.C.A. § 231 et seq. However, he cites no provision of that act that entitles him to pay in a rank other than the rank in which he served. On the other hand, section 201(b) of the above act provides:

"(b) For basic pay purposes, commissioned officers are hereby assigned by the rank or grade *in which serving*, * * *." [Italics supplied.]

Furthermore, section 7 of the Act of April 26, 1898, 30 Stat. 364, 365, provides:

"Sec. 7. That in time of war every officer serving with troops operating against an enemy who shall exercise, under assignment in orders issued by competent authority, a command above that pertaining to his grade, shall be entitled to receive the pay and allowances of the grade appropriate to the command so exercised: * * *."

These conditions obviously were not met.

The highest rank in which plaintiff served was that of major. He was paid as a major and is entitled to nothing further under this claim.

■ The second claim of plaintiff is for active-duty pay of the rank and grade of lieutenant colonel from October 10, 1950, continuing until plaintiff is retired for physical disability. Plaintiff bases this claim upon his separation from active service in the Army while in need of medical treatment, including surgery. He contends this was in violation of the provisions of the Act of June 19, 1948, 62 Stat. 489[1], and without a full and fair hearing as to his physical fitness as provided for by section 413 of the Career Compensation Act of 1949, supra.[2]

The short answer to this contention is that plaintiff was separated from active military service as a result of his

---

1. Now 10 U.S.C.A. § 3446.

2. Now 10 U.S.C.A. § 1214.

selection for separation under the provisions of section 515(d) of the Officer Personnel Act of 1947, 61 Stat. 795, 907,[3] which provides:

"(d) To the extent provided from time to time by appropriations for this purpose, any officer of any Reserve component of the Army of the United States may, with his own consent, be ordered to active Federal duty for such length of time as the President may prescribe and in time of a national emergency expressly declared by Congress may be so ordered without his consent. The President may at any time relieve from active duty any Reserve officer who is serving on active duty. Any officer of any Reserve component ordered into or serving on active duty may, with his own consent, be temporarily appointed in a grade in the Army of the United States, either higher or lower than the grade held by him in such Reserve component, and such temporary appointment shall not affect the appointment and grade held by him in his Reserve component."

Thus his service was entirely at the pleasure of the President. All the boards before which plaintiff appeared found him physically fit for duty. His final medical summary listed him as fit for duty as of August 4, 1950. He was separated honorably from the Army, as a major, under the above-quoted act on August 9, 1950. This separation ended his active-duty status and his entitlement to active-duty pay. Therefore, plaintiff is entitled to nothing under his second claim.

Plaintiff's third claim is that if he is not found to be entitled to pay as contended for in his second claim, he claims disability retirement pay from August 10, 1950, as though retired for 75 percent, or more, disability and/or 30 years of active service as defined by section 412 of the Career Compensation Act of 1949,

supra,[4] under the provisions of section 402(b) of said act.[5]

■ Section 402(b) provides that "upon a determination by the Secretary concerned * * *." It is clear here that the Secretary concerned determined that plaintiff was fit for duty. In doing so the Secretary followed the unanimous recommendations of all the examining and reviewing boards that had considered plaintiff's case. A medical board twice found plaintiff fit for duty. Twice a physical evaluation board found plaintiff fit for duty. The proceedings of the physical evaluation board were approved by the Army Physical Review Council, and on the basis of all these findings and recommendations the Secretary found plaintiff fit for duty.

Only the Secretary of the Army had authority to make this determination. This court has many times held that no court has power to review the action of the Secretary, absent allegations and proof of arbitrary or capricious action of the Secretary, or that his decision is contrary to law. Prichard v. United States, 135 F.Supp. 420, 133 Ct.Cl. 212.

Plaintiff does not allege that the Secretary's action was arbitrary. Indeed the record shows that the action was not arbitrary. Plaintiff was afforded every opportunity to present his case and on all occasions was found fit for duty. He does say, however, that his separation was erroneous and contrary to law in that the same violated the provisions of the Act of June 19, 1948, 62 Stat. 489, which provides:

" * * * That, notwithstanding any other provision of law, the President is authorized and directed to retain in service disabled officers, warrant officers, and flight officers of the Army and the Air Force of the United States until their treatment for physical reconstruction has reached a point where they will not be further benefited by retention in

---

3. Now 10 U.S.C.A. §§ 3442, 3443.

4. Now 10 U.S.C.A. § 1208.

5. Now 10 U.S.C.A. § 1201.

a military hospital or in the military service."

The record here discloses the only treatment which plaintiff was not given was an operation for hemorrhoids, and this because of plaintiff's refusal to submit to said operation. However, the Army found the ailment was not incapacitating in any event. He complained of amoebic dysentery. However, repeated examinations failed to disclose the existence of the disease. He complained of flat feet and astigmatism. He was afflicted with both upon entry to active service. He complained of loose bowels. His stools were examined and found to be normal. Thus it all adds up to this—plaintiff is asking this court to find that he was not fit for active duty. This court has many times held that it cannot undertake to determine who is fit or unfit to serve in the military forces. Holiday v. United States, 128 Ct.Cl. 647; Wales v. United States, 130 F.Supp. 900; 132 Ct.Cl. 765; Beamish v. United States, 128 F.Supp. 158, 130 Ct.Cl. 767.

Plaintiff then alleges he made application to the Army Board for Correction of Military Records and that said board gave him no formal hearing, stating there was no justification for a review of his case.

Apparently plaintiff makes this allegation to show that he has exhausted all administrative remedies. At any rate he makes no allegation of arbitrary action on the part of the board, and without such an allegation this court would not consider said action. Furthermore, under our decisions in Gordon v. United States, 121 F.Supp. 625, 129 Ct.Cl. 270, and Wales v. United States, supra, when plaintiff invokes the jurisdiction of the Army Board for Correction of Military Records he is bound by the action of that board unless it is clearly shown that the action of the board was arbitrary or capricious.

When the allegations of the petition, defendant's answer and the exhibits attached thereto are considered, it becomes apparent that the acts of the various officers were not arbitrary and were according to law. See Johnson v. United States, Ct.Cl., 149 F.Supp. 648. Therefore, plaintiff cannot recover under his third claim.

Plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted, and the petition is dismissed.

It is so ordered.