Clarence Timothy **LOWELL**
v.
**UNITED STATES.**
No. 361–56.

United States Court of Claims.
Jan. 15, 1958.

Clarence Timothy Lowell, pro se.

Sondra K. Slade, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Harry E. Wood, Washington, D. C., filed a brief for Charles C. Budd as amicus curiae.

REED, Justice (Retired), sitting by designation.

This is a suit by a Reserve officer retired for physical disability who seeks to recover the difference between disability retired pay based upon 75 percent of the basic pay of a major, which he is now receiving, and 75 percent of the basic pay of a lieutenant colonel to which he claims he is entitled. Both parties have moved the court for summary judgment on the ground that there is no genuine issue of any material fact and as a matter of law they are entitled to judgment.

Plaintiff first entered the service as an enlisted man on December 1, 1917, and remained on active duty until January 21, 1918, when he was honorably discharged. On April 20, 1918, he reentered the service as an enlisted man and continued in this status until commissioned a second lieutenant, Army of the United States, on October 22, 1918. On January 23, 1919, plaintiff was again discharged from active duty, and on March 31, 1919, accepted a commission as second lieutenant, Air Corps Reserve. He has been a member of the Reserve components of the Army and the Air Force continuously from the date of his original Reserve commission until the present time, receiving successive promotions to lieutenant colonel.

On February 1, 1942, while a Reserve captain, plaintiff was called to active duty with the Army Air Corps in the temporary grade of captain, Army of the United States, and served in this grade until promoted to the temporary grade of major on June 17, 1942. He continued to serve in the temporary grade of major on active duty until August 31, 1950, when he was retired

for physical disability pursuant to title IV of the Career Compensation Act of 1949, 63 Stat. 802* with a disability rating of 60 percent. In accordance with section 402(d) of title IV of the Career Compensation Act, and paragraph 4, section 15, of the Pay Readjustment Act of 1942, 56 Stat. 359, 367–368, 37 U.S.C.A. § 115, plaintiff's retired pay was computed on the basis of 75 percent of the basic pay of a major with over 30 years' service.

On August 27, 1947, which was prior to his retirement and while still serving on active duty in the temporary grade of major, plaintiff was promoted to the rank of lieutenant colonel in the Officers' Reserve Corps. He has never served on active duty in the grade of lieutenant colonel, but did hold this rank in the Reserve component at the time of his retirement on August 31, 1950. It is plaintiff's contention that his disability retired pay should have been computed at 75 percent of the basic pay of a lieutenant colonel with over 30 years' service rather than that of a major.

The defendant contends that under the provisions of section 402(d) of the Career Compensation Act *supra,* plaintiff is not entitled to have his retired pay computed upon the basis of the active duty pay of the rank of lieutenant colonel because he has never served on active duty in that grade. At the time of plaintiff's forced retirement section 402 (d) was in effect. It read:

"* * * a member of the uniformed services who is retired pursuant to the provisions of this title, shall be entitled to receive disability retirement pay computed * * * by multiplying an amount equal to the monthly basic pay of the rank, grade, or rating held by him * * at the time of his retirement, *."

Tracy v. United States, 142 F.Supp. 943, 136 Ct.Cl. 211, presented the same statutory provision to be interpreted by this court. Tracy was serving on active duty in the temporary grade of lieutenant colonel while at the same time holding a "permanent" commission in the Reserve as a colonel. Tracy was retired for physical disability under the Career Compensation Act and paid disability retired pay pursuant to section 402(d).

The court held that the reference in the statute to the rank "held by him" at the time of his retirement meant "permanent" rank unless otherwise qualified by some provision in the statute. No other provision was found to be applicable in the case of officers retired for physical disability whose "permanent" rank in the Reserve was higher than the rank in which they served on active duty. Therefore the court concluded that Tracy should have received disability retired pay computed upon the basis of the active duty pay of his "permanent" rank of colonel, which he held at the time of his retirement, rather than the temporary active duty rank of lieutenant colonel despite the fact that Tracy had never served in the rank of colonel on active duty.

The defendant in the case presently before us urges that the court erred in its interpretation of section 402(d) of the Career Compensation Act in the Tracy decision because Congress did not intend to allow the retirement of officers for disability in grades higher than those in which they were serving on active duty at the time of their retirement. In support of its position the defendant points to P.L. 1028, 84th Congress, 2d session, 1956, 70A Stat. 1, which codified the laws relating to the armed services, including title IV of the Career Compensation Act. Section 1372 of this codification replaced section 402 (d) of the Career Compensation Act and provides in pertinent part:

"Unless entitled to a higher retired grade under some other provision of law, any member of the armed force who is retired for physical disability under section 1201 or 1204 of this title * * * is entitled to the grade equivalent to the highest of the following:

"(1) The grade or rank in which he is serving on the date when his name is placed on the temporary

---

* Now 10 U.S.C.A. § 1201 et seq.

disability retired list or * * * on the date when he is retired.

"(2) The highest temporary grade or rank in which he served satisfactorily, as determined by the Secretary of the armed force from which he is retired.

"(3) The permanent regular or reserve grade to which he would have been promoted had it not been for the physical disability for which he is retired and which was found to exist as a result of his physical examination for promotion.

"(4) The temporary grade to which he would have been promoted had it not been for the physical disability for which he is retired, * * *."

The defendant asserts, and the codification so provides, 70A Stat. 640, § 49, that it was the legislative purpose in codifying the armed services' laws not to make substantive changes in the disability retirement provisions, but only to restate them. However, defendant points to subparagraph (1) of the above quoted provision of section 1372 which provides for retirement pay based on the "rank in which he is serving * * * on the date when he is retired." This differs from section 402(d) in that 402(d) contained instead the wording "rank * * * held by him at the time * * * of his retirement." From this defendant draws the conclusion that "serving" as used in the codification meant the same as "held" in section 402(d) and reading the codi-

fication as a congressional restatement of the law, it is argued we should hold that plaintiff must have, at the time of his retirement, been serving on active duty in the rank upon which his retired pay is to be based.

We are unable to agree with this contention of the defendant. In order to reach such a result it would be necessary to add to section 1372(1) the additional limiting words "on active duty." This is precisely what the court refused to do with respect to section 402(d) in the Tracy decision. A commission in the Reserve requires that the officer discharge the duty of the office to which he is appointed by doing the things required thereby. It specifically states that he will not enter upon active duty under the commission until called by competent authority. This does not mean that he was not "serving" as a Reserve officer, but only that he was not "serving on active duty" in that capacity. If Congress had intended to make "service on active duty" a prerequisite in section 1372 of the codification, it might well have used that language as it did in section 1371 in connection with the retired grade of warrant officers.[1] Furthermore, there is nothing inconsistent about an officer holding or serving in a permanent rank and at the same time performing active duty in a different temporary rank.[2]

Again, even if there was a change from 402(d) by inadvertence or misinterpretation of that section's meaning, the codification of titles 10 and 32 pro-

---

[1] Section 1371 provides in part: "* * * a warrant officer retires * * * in the permanent regular or reserve warrant officer grade * * * that he held on the day before the date of his retirement, or in any higher warrant officer grade in which he *served on active duty* satisfactorily, as determined by the Secretary, for a period of more than 30 days." [Italics supplied.]

[2] In the course of oral argument, the parties were asked to submit briefs on the question of the possible application of this court's decision in Woodford v. United States, Ct.Cl., 151 F.Supp. 925, certiorari denied 355 U.S. 861, 78 S.Ct. 94, 2 L.Ed.2d 68. We are of the opinion that the holding in the Woodford case has no bearing on the issues raised in the instant case. In the Woodford case, the plaintiff sought to recover additional active duty pay which he claimed was due him because, while he was serving on active duty in the rank of major, he held a Reserve commission as a lieutenant colonel. The court held that Woodford was not entitled to active duty pay of a rank in which he was not serving on active duty. This holding has no bearing on the present issue as to statutory retired pay.

tect any rights granted plaintiff by section 402(d). See section 53, 70A Stat. 641, 680.

There is a further indication in section 1372 that Congress intended that a Reserve officer retired for disability while on active duty should be retired at his higher permanent grade in the Reserve. This arises from paragraph (3) of section 1372 quoted supra, 158 F. Supp. at page 707. This permits his retirement grade to be equivalent to the "permanent, regular or reserve grade to which he would have been promoted had it not been for physical disability for which he is retired."[3] While paragraph (3) does not apply to plaintiff as he was not examined "for promotion" it shows an intention on the part of Congress to treat Reserve grades as applicable in determining retirement grades.

We do not read into section 402(d) or into section 1372 of the codification the words "on active duty". We accordingly adhere to the Tracy decision and it follows that plaintiff should have been retired with disability retired pay computed on the basis of the grade which he "held" and "served" in i.e., the grade of lieutenant colonel, on the date of his retirement.

■ Another question was raised by the defendant on oral argument in the event we should hold that the plaintiff was entitled to retirement pay computed on the basis of the pay of the grade of lieutenant colonel instead of major. This involved the question of determining the correct percentage of the basic pay to be used in computing retired pay. Plaintiff, a World War I veteran, retired for physical disability under the Career Compensation Act, was entitled to the benefits of paragraph 4, section 15 of the Pay Readjustment Act of 1942, supra. This provides in part that:

"The retired pay of any officer of [any of the services mentioned in the title of this Act] who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

This section now applies to officers of the Reserve on retirement for physical disability because of section 402(i) of the Career Compensation Act of 1949, supra, 158 F.Supp. at page 706, which reads as follows:

"All members of the reserve components heretofore or hereafter retired or granted retirement pay because of physical disability shall be entitled to the same pay, rights, benefits, and privileges provided by law or regulation for retired members of the regular services."[4]

Defendant reads the above paragraph 4, section 15, of the Pay Readjustment Act of 1942, however, to mean that the 75 percent shall apply only to a retired officer's "active duty pay at the time of his retirement" and if by some provision of law he is entitled to retired pay based on a higher grade than that in which he is serving on active duty at the time of his retirement, he loses his right to use

3. Fredrickson v. United States, 138 F. Supp. 265, 133 Ct.Cl. 890, where the court applying section 402(d), later 1372 (3) and (4), permitted disability retirement pay to be computed on the basis of a higher temporary grade to which the plaintiff failed of promotion because of physical disability even though the plaintiff never served on active duty in the higher grade. See also discussion in Tracy v. United States, supra.

4. In Berry v. United States, 107 F.Supp. 849, 123 Ct.Cl. 530, this court held that paragraph 4, section 15, of the Pay Readjustment Act of 1942, did not apply to Reserve officers retired for length of service. But in Tracy v. United States, supra, it was held that the provision of the Pay Readjustment Act was applicable to disability retired officers of the Reserve on active duty at retirement by reason of the wording of this section.

Section 402(i) of the Career Compensation Act is presently embodied in section 1215 of the 1956 codification, 70A Stat. 100.

the 75 percent figure.[5] We do not agree with the defendant's interpretation of the statute.

This paragraph 4, allowing 75 per centum of pay to officers with service prior to November 12, 1918, was added by amendment offered by Congressman Maas on the floor of the House of Representatives, 88 Cong.Rec. 4126.

In Berry v. United States, supra, footnote 4, this court discussed and cited the pertinent parts of the debate leading to the adoption of Mr. Maas' amendment. As was said there, the only purpose of the amendment was to bring Navy and Marine Corps retirement provisions into conformity with those provided for the Army. Regular Army officers who had served prior to November 12, 1918, already had the benefit of section 3 of what may be called the Promotion for Service in Grade Act, 54 Stat. 380, passed in 1940. The pertinent part of that section reads as follows:

"* * * That any officer on the active list of the Regular Army or Philippine Scouts who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, shall upon his own application be retired with annual pay equal to 75 per centum of his active-duty annual pay at the time of his retirement unless entitled to retired pay

of a higher grade as hereinafter provided, * * *."

In the Pay Readjustment Act of 1942, the "as hereinafter provided" was dropped as inapplicable. The other retirement provisions are substantially identical. The 1940 statute went on to provide for promotion for retired pay purposes of certain officers who due to restrictions on promotion could not be promoted while on active duty.[6] See the provisos of section 3. If the "unless entitled to retired pay of a higher grade" of section 3 of the 1940 Act made the 75 per centum applicable to the "higher grade," as Congressmen May and Thomason said it did, the same language in the 1942 Act, applicable in this case, has the same effect. Paragraph 4 of section 15 of the Pay Readjustment Act of 1942, made applicable to Reserve officers by section 402(i) of the Career Compensation Act, supra, is obviously modeled on section 3 of the 1940 Act just quoted. The reasoning as to the purpose of the earlier 1940 Act applies likewise to the later 1942 Act.

The statements in footnote 6 show that retirement pay of 75 percent of the grade pay was intended to apply to all grades covered by the language of the 1940 Act.

Any other reading would penalize an officer, like plaintiff, entitled to retire under a grade higher than the grade of his then active service. This would be a result inconsistent with other provi-

---

5. This same argument was presented to the court in the Tracy case, supra, on a motion for a new trial. The court in that case overruled the motion on order.

6. Congressman May, Chairman of the House Committee on Military Affairs, speaking to the Committee of the Whole House, 86 Cong.Rec. 4903, made the following pertinent remarks:

"The bill also provides that any officer with World War service may retire at any time with three-fourths pay. If he has 23 years of service and has not reached the grade of lieutenant colonel because of the requirement of 6 years' service in the grade of major, he can retire with the grade of lieutenant colonel. If he has 28 years of service and has not reached the grade of colonel, he can re-

tire with the grade and *pay* of a colonel." [Italics ours.] [See to the same effect page 4912.]

Congressman Thomason, member of the Military Affairs Committee, also speaking of the same provision of the bill, said at page 4912:

"* * * The bill provides that officers of the World War service may retire at any time with three-fourths pay. If he is a major with 23 years' service but has not yet reached the grade of lieutenant colonel he retires as a lieutenant colonel with three-quarters of his pay; * * *."

Secretary of War Woodring wrote to Congress "World War officers may retire at any time with three-fourths pay." No limitations. House Report No. 1944, 76th Cong., 3d sess., page 5.

sions of the Career Compensation Act of 1949, under which plaintiff retired, as that act allows retirement for satisfactory service in temporary grades higher than the grade of active service at time of retirement. 63 Stat. 818; 70A Stat. 105. That act, also, specifically saves paragraph 4 of section 15 of the Pay Readjustment Act of 1942. 63 Stat. 839, § 531(b)(34).

Furthermore, the purpose of paragraph 4, section 15, lends itself to the interpretation that officers, covered thereby, with service prior to November 12, 1918, shall receive 75 percent of the pay of whatever may be their retired grade. In view of the evident intent to allow a higher percentage of retired pay for World War I service, we think Congress intended, as said by those in charge of the bill, note 6, supra, the 75 percent for World War I service to apply to all retired grades whether or not active duty service was actually being performed in such higher grade. A fairly admissible meaning of "unless such officer is entitled to retired pay of a higher grade" is that it is an exception to the direction that the retired officer shall receive a percentage of active duty pay.

Since we hold that plaintiff is entitled to be retired with the disability retired pay of a lieutenant colonel, it follows that the correct percentage to be used is the 75 percent figure authorized by the Pay Readjustment Act.

Defendant's motion for summary judgment is denied, and plaintiff's motion is granted. The amount of recovery will be determined pursuant to rule 38 (c) of this court, 28 U.S.C.A.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.

JONES, Chief Judge (dissenting).

At the time of plaintiff's retirement he was serving on active duty to which duty he had been called for a period in excess of 30 days. He was so serving as a major, in which grade he held a commission in the Army of the United States. At the same time, he also held a commission in the grade of lieutenant colonel in the Officer's Reserve Corps, in which grade he was not serving, nor had ever served, on active duty. Both commissions were in Reserve components of the uniformed services.

Section 402(a) and (b) of Title IV of the Career Compensation Act of 1949, 63 Stat. 802, 816, 817, which was in force at the time of plaintiff's retirement, provided for retirement of an officer of a Reserve component, who had been called or ordered to extended active duty for a period in excess of 30 days, and while so serving was found unfit to perform the duties of his office by reason of physical disability. Plaintiff was so found.

Subsection (d) of section 402 provided the method for computing the disability retirement pay to which a member, determined to be physically unfit under subsections (a), (b), or (c), shall be entitled. It provided that one of the multipliers to be used in the computation would be an amount equal to the basic pay of the rank, grade, or rating held by him at the time of retirement.

In this case the plaintiff held two ranks, major, in which he was serving, and lieutenant colonel, in which he was not serving, and never had served on active duty. Had he ever served in this grade of lieutenant colonel, a proviso of section 402(d) would be applicable so that, had the service as colonel been determined by the Secretary to be satisfactorily performed, the retirement grade would be lieutenant colonel. Cf. Kimberly v. United States, 97 F.Supp. 710, 119 Ct.Cl. 805, Cairnes v. United States, 128 F.Supp. 155, 130 Ct.Cl. 776.

To justify a retirement on a rank higher than any in which actual service has been rendered would require a clear statute to that effect. There is no such statute applicable in this case.

The legislative history of Title IV of the Career Compensation Act of 1949 shows clearly that the retirement pay is to be based on the rank in which satisfactory service has been performed (U. S. Code Congressional Service, 81st

Cong., 1st Sess., 1949, Vol. 2, p. 2102). The 1949 act provided for a temporary disability retired list as well as a permanent list. The computation of retired pay for both is set forth in section 402(d).

With respect to the temporary disability retired lists and the rank upon which the computation of disability retired pay is to be based, the Committee Report states as follows:

"This title provides that a person deemed retirable under the standards established thereby will be eligible to be placed upon a temporary disability retired list. He will thereafter draw disability retirement pay computed by multiplying the degree of his disability by the basic pay of the highest rank in which he had performed satisfactory service, or, at his election, by multiplying the number of years of active service he has performed by 2½ percent of the pay of the highest grade or rank in which he performed satisfactory service. * *"

While this discussion was limited to the computation to be applied in case of temporary disability retirement, the act uses the same terms, so far as rank is concerned, in stating the computation in case of permanent disability retirements. It thus makes clear that the use of the term "rank held," means a rank which was held when satisfactory service was performed. The view expressed in this Committee Report is the same as that incorporated in the codification of section 402(d) in section 1372 of U.S. Code, Title 10, Armed Forces, enacted August 10, 1956.

This act restated the law in clearer form. It provided in effect that in cases of the kind involved here, where the person "held" two ranks, the retiree would be entitled to the grade or rank in which serving when he is retired, or the highest rank or grade in which he served satisfactorily, as determined by the appropriate Secretary. It seems to me that this particular provision clarified the rights plaintiff had under the particular provision of law as it existed at the time of the Tracy decision.[1]

The majority would read the words of the codification, "rank in which he is serving" as not meaning the same as "serving on active duty." In other words, the majority feels that if section 1372(1) is to be followed the plaintiff can qualify thereunder as he "served" in the rank of lieutenant colonel, and that he does not have to have "served on active duty." Reliance for this view seems to be placed on the wording of section 1371 and section 1372(3) of the codification. Section 1371 relates to retired grade of warrant officers and it was derived from section 14(d) of the act of May 29, 1954, the Warrant Officer Act of 1954 (68 Stat. 157, 163). This act had specifically provided for retirement of warrant officers in the permanent warrant officer grade held on the day before the date of his retirement, or in any higher warrant officer grade in which he has satisfactorily served. There was, therefore, no question of interpretation involved in codifying those words in section 1371.

Section 1372(3) specifically allows disability retirement pay based on a reserve grade to which an officer would have been promoted except for his failure to pass the physical examination for the promotion. The majority draws support from this section for their view that an officer may be retired under certain circumstances in a grade in which he has never served on active duty. As hereinbefore noted, to reach such a result there should be a clear statement to that effect in the statute. Section 1372(1) contains no such statement as is found in 1372(3) and therefore I would not enlarge section 1372(1) to encompass therein the right to retirement pay based on a rank or grade in which service has never been performed on active duty.

---

1. See this writer's dissenting opinion in the Tracy case, 142 F.Supp. 943, 136 Ct.Cl. 211, 216.

712

I, therefore, would hold that plaintiff should have retired pay based on the rank of major, the rank in which he was serving on active duty at the time of the determination of his right to retirement. He is not entitled to pay based on the rank of lieutenant colonel as he never served in that rank satisfactorily or otherwise.

Substantially, the same issue was determined adversely to the contention on which plaintiff relies in Woodford v. United States, Ct.Cl., 151 F.Supp. 925, certiorari denied 355 U.S. 861, 78 S.Ct. 94, 2 L.Ed.2d 68.

Plaintiff having received the retired pay to which he is entitled, the petition should be dismissed.