Charles C. BUDD

v.

UNITED STATES.

No. 467–56.

United States Court of Claims.

Jan. 15, 1958.

Harry E. Wood, Washington, D. C., for plaintiff, Ansell & Ansell, Washington, D. C., were on the briefs.

Sondra K. Slade, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LITTLETON, Judge.

Plaintiff, a Reserve officer of the Army retired for physical disability, sues to recover the difference between retired pay based on 75 percent of the basic pay of a lieutenant colonel with over 30 years of service which he has received, and retired pay based on 75 percent of the basic pay of a colonel with over 30 years of service, to which he claims he is entitled, for the period commencing October 1, 1950, and extending to the date of judgment.

There is no genuine issue as to any material fact and under applicable law and decisions of this court, plaintiff, if he is correct in his argument, is entitled to judgment on his claim. Defendant does not contend that there is any genuine issue as to a material fact, but bases its motion to dismiss the petition on the specific ground that it fails to state a claim upon which relief can be granted.

On April 11, 1941, after 25 years' service in components of the Army of the United States, including World War I military service *prior to November 12, 1918,* plaintiff was called to active duty in the Army as a captain, Officers' Reserve Corps. He served on active duty continuously thereafter until April 30, 1950 when he was retired with 80 percent physical disability pursuant to the provisions of Section 402(b), Title IV, Career Compensation Act of 1949, 63 Stat. 802, 817.*

Prior to June 9, 1947, plaintiff accepted a temporary appointment as lieutenant colonel, Army of the United States. His active duty in the Army from June 9, 1947 to his retirement on April 30, 1950, was performed under his temporary commission as lieutenant colonel, Army of the United States.

On June 9, 1947, plaintiff was given and accepted a permanent commission as colonel, Quartermaster Corps, Officers' Reserve Corps, while serving on active duty, which commission he held until July 9, 1952, when the commission became a commission in the same grade in the Army Reserve by operation of the Armed Forces Reserve Act of 1952, 66 Stat. 481, 485, 487.**

Following plaintiff's retirement for physical disability on April 30, 1950, he has been paid disability retirement pay at the rate of 75 percent of the basic pay of a lieutenant colonel with over 30 years' service.

Under the facts of this case and the applicable statutes, it is undisputed that 75 percent is the proper percentage to be used in computing plaintiff's retired pay. Section 402(d), Career Compensation Act of 1949,† supra, and paragraph 4, section 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 367, 368, 37 U.S.C.A. § 115. The only issue is whether plaintiff is entitled to have his disability retired pay computed on the basis of the basic pay of the rank of colonel, which was the permanent rank held by him at the time of retirement, or on the basis of the basic pay of a lieutenant colonel, the temporary rank in which he was performing active duty at the time of retirement.

Defendant contends that under the provisions of section 402(d) of the Career Compensation Act of 1949, *supra,* plaintiff is not entitled to have his retired pay computed on the basis of the higher permanent rank held by him at the time of retirement because he did not perform active duty in such rank but rather in the temporary rank of lieutenant colonel.

The identical question here presented was before the court in the case of Tracy v. United States, 142 F.Supp. 943, 136 Ct.Cl. 211. In that case plaintiff held the permanent rank of colonel at the time of his retirement but was serving on active duty in the rank of lieutenant colonel at that time. The statute governing the proper rate of disability retired pay was section 402(d) of the Career Compensation Act of 1949, *supra,* which provided in pertinent part as follows:

"* * * a member of the uniformed services who is retired pursuant to the provisions of this title, shall be entitled to receive disability retirement pay computed * * * by multiplying an amount equal to the monthly basic pay of the rank, grade, or rating held by him * * * at the time of his retirement, * * *."

The court held that the reference in the statute to an officer's "rank" without qualification, meant the *permanent* rank

---

* Now 10 U.S.C.A. § 1201 et seq.

** Now 10 U.S.C.A. §§ 591, 593, 597.

† Now 10 U.S.C.A. § 1372.

*held* at the time of retirement, particularly in view of the fact that the next proviso in the statute refers to the "temporary rank" of officers which was "higher than the rank, grade, or rating held by him at the * * * time of his retirement." The court concluded that Tracy should have received retired pay computed on the basis of the monthly basic pay of the permanent rank of colonel held by him at the time of retirement despite the fact that no active duty was performed by him in that higher permanent rank.

In support of its motion to dismiss the petition, defendant contends that the court erred in its interpretation of section 402(d) of the Career Compensation Act in the Tracy decision, and that such error becomes manifest from a reading of P.L. 1028, 84th Cong., 2d Sess. (1956), 70A Stat. 1, containing Titles 10 and 32 U.S.C., codifying the laws relating to the armed services, including Title IV of the Career Compensation Act. Section 1372 of this codification provides in part as follows:

"Unless entitled to a higher retired grade under some other provision of law, any member of an armed force who is retired for physical disability under section 1021 or 1204 of this title, * * * is entitled to the grade equivalent to the highest of the following:

"(1) The grade or rank in which he is serving on the date when his name is placed on the temporary disability retired list or * * * on the date when he is retired.

"(2) The highest temporary grade or rank in which he served satisfactorily, as determined by the Secretary of the armed force from which he is retired.

"(3) The permanent regular or reserve grade to which he would have been promoted had it not been for the physical disability for which he is retired and which was found to exist as a result of his physical examination for promotion.

"(4) The temporary grade to which he would have been promoted had it not been for the physical disability for which he is retired, * * * *."

The change in language which defendant appears to find significant is the change appearing in (1) above from "rank * * * held by him * * * at the time of his retirement," (section 402 (d) of the 1949 Act), to "rank in which he is serving * * * on the date when he is retired." The same contentions were made in the case of Lowell v. United States, Ct.Cl., 158 F.Supp. 704. The facts and issues in the two cases are nearly identical, and on the authority of the decision in the Lowell case, we are of the opinion that the language in section 1372(1) of the codification, i. e., "rank in which he is serving" does not mean that an officer must be "serving *on active duty*" in that rank any more than the language in section 402(d), i. e., "rank * * * *held by him*" meant "rank in which he was serving on active duty." Under the terms of plaintiff's permanent commission as colonel in the Officers' Reserve Corps, he both "held" the rank of colonel and "served" in that rank, although not on active duty. If Congress had intended to make "service *on active duty*" a prerequisite in section 1372 of the codification, it would undoubtedly have used that language as it did in section 1371 in connection with the retired grade of warrant officers.[1] Furthermore, section 1331 of the codifying law defining service requirements makes it clear that the words "serve", "serving" or "service" are not intended to mean "serving *on active duty*." There is nothing unusual about an officer hold-

1. Section 1371 provides in part: " * * * * a warrant officer retires * * * in the permanent regular or reserve warrant officer grade * * * that he held on the day before the date of his retirement, or in any higher warrant officer grade in which he *served on active duty* satisfactorily, as determined by the Secretary, for a period of more than 30 days." [Italics supplied.]

ing or serving in a permanent rank and at the same time performing active duty in a different temporary rank, and the language of numerous sections of the codification indicates that Congress was well aware of this fact. We note particularly section 3961 of the codification which provides as follows:

"Unless entitled to a higher retired grade under some other provision of law, a Regular or Reserve [officer] of the Army who retires other than for physical disability retires in the regular or reserve grade that he *holds* on the date of his retirement. [Italics supplied.]

Defendant concedes that P.L. 1028 codifying the armed forces statutes is merely a restatement of existing law, including section 402(d) of the Career Compensation Act of 1949, supra. We can find no possible justification for reading into section 402(d) or into section 1372 of the codification, the words "on active duty", and, accordingly, we adhere to our holdings in the cases of Lowell, supra, and Tracy, supra.

Plaintiff's motion for summary judgment for the difference between the retired pay he has been receiving since October 1, 1950, and retired pay computed at the rate of 75 percent of the basic pay of a colonel with over 30 years' service, is granted, and defendant's motion to dismiss is denied. Judgment will be entered to that effect. Determination of the amount due plaintiff will be determined pursuant to Rule 38(c), 28 U.S. C.A.

It is so ordered.

MADDEN and WHITAKER, Judges, concur.

JONES, Chief Judge, dissents for the reasons stated in his dissenting opinion in Lowell v. United States, Ct.Cl., 158 F.Supp. 704.

LARAMORE, Judge, took no part in the consideration and decision of this case.