**Frank D. NERI**

**v.**

**UNITED STATES.**

**No. 81-58.**

United States Court of Claims.

April 8, 1959.

Laramore, Judge, and Jones, Chief Judge, dissented.

Harry E. Wood, Washington, D. C., for plaintiff. Emery & Wood, Washington, D. C., were on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

The plaintiff, an Army officer retired for physical disability, sues to recover the difference between the retired pay of a captain, which he has been receiving, and the retired pay of a major, to which he claims to be entitled.

The plaintiff was called to active duty in 1942 as a second lieutenant. He served continuously on active duty until March 24, 1950, at which time he was relieved from active duty by reason of physical disability incurred in line of duty, and was certified to the proper authorities for disability retired pay benefits pursuant to section 5 of the Act of April 3, 1939, 53 Stat. 557, as amended, 10 U.S.C. § 456, now codified as 10 U.S.C.A. § 3687, in the grade of captain. As we have said, he has received disability retired pay on that basis.

Revised Statutes, § 1254,[1] provides:

"Officers * * * retired from active service shall be retired upon the actual rank held by them at the date of retirement."

In the course of the plaintiff's active service from 1942 to 1950 he was promoted to the grade of captain, Army of the United States, in 1944. In 1947 he was appointed as a major, Signal Corps, Officers' Reserve Corps. He continued to serve on active duty as a captain until, as we have seen, he was retired for disability in 1950.

Section 5 of the Act of April 3, 1939, 53 Stat. 557, as amended, 10 U.S.C. (1946 ed. Supp. III) 456, provides, *inter alia*, that Reserve officers who suffer disability in line of duty while on extended active military service are entitled to the same benefits, including retired pay, as those provided by law or regulation for officers of the Regular Army.

As we have seen, section 1254 of the Revised Statutes provides that officers shall be retired upon the "actual rank" held by them at the date of retirement. The Government says that the words "actual rank" as used in the statute mean the rank in which the officer is serving on active duty at the time of retirement. The plaintiff says that an officer's "actual rank" for the purpose of section 1254 is his permanent rank.

In Tracy v. United States, 142 F.Supp. 943, 136 Ct.Cl. 211; Budd v. United States, 158 F.Supp. 712, 714, 141 Ct.Cl. ——; and Lowell v. United States, 158 F. Supp. 704, 141 Ct.Cl. ——, this court held that the words "rank * * * held by him * * * at the time of his retirement", as used in section 402(d) of the

1. Now 10 U.S.C. § 3961.

Career Compensation Act of 1949,[2] meant the officer's permanent rank and not the lower rank on which he was serving on active duty at the pertinent time. As a matter of language it would seem that the words "actual rank held * * * at the date of retirement" are as susceptible of the meaning of permanent rank rather than temporary active duty rank, as are the words which were before us for interpretation in the Tracy, Budd and Lowell cases. The opinion of Mr. Justice Reed and the dissenting opinion of Chief Judge Jones in the Lowell case contain an extensive discussion of the problem.

Section 1254 of the Revised Statutes derives from the Act of June 10, 1872, 17 Stat. 378. Discussion of the bill which became section 1254 appears in 4 Cong.Globe, 3221 ff. May 8, 1872. There was a provision in the Act of July 28, 1866, section 32, 14 Stat. 337:

> "That officers of the regular army, entitled to be retired on account of disability occasioned by wounds received in battle, may be retired upon the full rank of the command held by them, whether in the regular or volunteer service at the time such wounds were received."

The debate on the bill, which became section 1254 of the Revised Statutes, shows that the use of the words "actual rank" in section 1254 was aimed at a particular problem. Men serving in the Army during the Civil War as high ranking officers in command of volunteer soldiers, received battle wounds. After the war was over and they were out of the service, they would get appointments as low-rank officers in the Regular Army, then retire, and under the provisions of section 32 of the 1866 statute, quoted above, receive retired pay based on the high rank which they had held as officers at the time they received their wounds. That was considered to be a discrimination against the many other wounded former officers of volunteers who, not having received commissions in the Regular Army, received no retired pay at all.

This legislative history of section 1254 seems to us to throw no light whatever on our instant problem. There was, when section 1254 was drafted, no Officers' Reserve Corps. The purpose of section 5 of the Act of April 3, 1939, summarized *supra* herein, to give Reserve officers the same benefits, including retirement benefits, as officers of the Regular Army, had not been formulated. Our task, then, is to fit the words of an 1872 statute, aimed at a particular problem not present in the instant case, into the present environment.

The plaintiff's permanent rank as a major in the Officers' Reserve Corps was just as "actual", just as real, as his temporary rank as a captain in active service. The statutes and regulations prescribed his duties and obligations as a Reserve officer. He was on extended active duty and was therefore, under section 5 of the 1939 statute, *supra*, entitled to the retirement privileges of a Regular Army officer. We think a Regular Army officer who happened to be serving on active duty in a rank lower than his permanent rank, and became disabled in that active duty, should not be retired on that lower rank on the ground that that was his "actual" rank at the time of retirement.

The defendant's motion for a summary judgment is denied. The plaintiff's similar motion is granted, and judgment is entered for the plaintiff. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

MARIS, Circuit Judge (Retired), sitting by designation, and WHITAKER, Judge, concur.

LARAMORE, Judge (dissenting).

I respectfully dissent for the reason that I believe "officers retired from active service shall be retired upon the ac-

2. Now 10 U.S.C. § 1372.

tual rank held by them at the date of retirement" could only mean rank under which active-duty service had been performed. To justify retirement in a rank higher than any in which active-duty service has been performed, would require a clear statute to that effect. I know of no such statute. See dissenting opinions in Tracy v. United States, Lowell v. United States, and Budd v. United States, cited supra.

JONES, Chief Judge, joins in the foregoing dissenting opinion.